**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LINH KHANH NGUYEN,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26-cv-4380-BJC-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING TRO AS MOOT**

Pending before the Court is Petitioner Linh Khanh Nguyen's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner asserts her continued detention exceeds statutory authority and violates the due process clause of the United States Constitution. ECF No. 1. Petitioner requests that this Court assume jurisdiction over the matter, grant the Petition, and order Respondents to release her from custody or schedule a bond hearing before an immigration judge. On October 21, 2026, Petitioner filed a Motion for Temporary Restraining Order. ECF No. 6-1.

Petitioner is a native and citizen of Vietnam, who entered the United States without inspection through the San Ysidro Point of Entry, California on December 21, 2025. ECF No. 4 at 2. On December 22, 2025, Petitioner was paroled as a material witness in an alien smuggling case. *Id.* On January 14, 2026, Petitioner was taken into custody and placed in the expedited removal process. *Id.* Although Petitioner originally received a positive

credible fear finding, an immigration judge denied Petitioner's application for asylum and ordered the Petitioner removed to Vietnam. *Id*. The immigration judge granted withholding of removal to Vietnam. *Id*. Petitioner did not file an appeal of the removal order, and the order became administratively final as of April 23, 2026. *Id.* at ¶ 12. Petitioner has remained in ICE custody since her entry into the United States.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; see also *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the *United States*. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Under 8 U.S.C. § 1231(b)(3), an alien who is granted withholding of removal and ordered removed must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. See 28 U.S.C. § 1231(a)(2). The ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). Once the removal period expires, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a petitioner meets the initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

Here, Petitioner's final order of removal became final on April 23, 2026. Therefore, she has been detained for 6 months after her final order of removal, and her detention has presumptively become prolonged. *Zadvydas,* 533 U.S. at 701.

Next, Petitioner must "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. 701. Petitioner contends that her removal to Vietnam is legally prohibited by the grant of withholding, and Respondent acknowledges that removal is dependent on "locating an unidentified third country," but ICE has not identified any third country. ECF No. 1 ¶¶ 36, 37. As a result, Petitioner's removal in the foreseeable future is significantly unlikely. *Id.* Accordingly, Petitioner has demonstrated that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Because Petitioner has shown good reason to believe she will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701. Respondents claim that "[o]n June 8, 2026, Enforcement and Removal Operations (ERO) sent a request to Removal and International Operations (HQ RIO) to initiate removal." ECF No. 4 at 1. A month later, "[o]n July 7, 2026, ERO followed up with HQ RIO as to the status of the third country removal request." *Id.* On July 8, 2026, "HQ RIO advised ERO that the removal request remains pending." *Id.* On August 4, 2026, "ERO sent another follow up email, and HQ RIO advised that the third-country removal request remains pending." *Id.* Respondents claim that ICE will remove Petitioner when a third country for removal is secured but have not explained when that might happen. Instead, the above correspondence indicates that repeated efforts to finalize removal efforts have been unsuccessful. Accordingly, Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.

//

//

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under reasonable conditions of supervision. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Court further **DENIES** the TRO as moot. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 22, 2026

Honorable Benjamin J. Cheeks
United States District Judge